UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | CIV. 06-5065-KES |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| PRAIRIE AUTO GROUP, INC., d/b/a JD Byrider Auto Sales and Dan Nelson Isuzu, Inc.; SIERRA ACCEPTANCE COMPANY, INC., d/b/a Car Now Acceptance Company, CNAC, and Loan Star Financial; TIM NELSON; JON NELSON; DAN NELSON; and ALLEN NELSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN ITS ENTIRETY |
| Defendants. | ) | |

Plaintiff, Auto-Owners Insurance Company (Auto-Owners), requests that the court grant its motion for summary judgment in its entirety. More specifically, Auto-Owners asks the court to enter an order declaring that it has no duty to defend or indemnify its insureds (the above-named defendants) under any of its issued policies for any of the allegations in the five separate underlying complaints filed against defendants. Defendants have indicated that they are not making any additional claims of coverage under any of the policies.

**FACTUAL BACKGROUND**

Auto-Owners issued three separate insurance policies to defendants: a Commercial General Liability Policy (CGL policy), a Commercial Umbrella Policy (CU policy), and a Garage Liability Policy (GL policy). Defendants in this case, who are insured by Auto-Owners, were named defendants in five separate lawsuits, including <u>Kali Tree Top et al. v. Prairie Auto Group et al.</u>, Pennington County, South Dakota Circuit Court, Seventh Judicial Circuit; <u>Lucinda Janis et al. v. Prairie Auto Group et. al</u>, Cheyenne River Sioux Tribal Court; <u>Dengler et al. v. Prairie Auto Group et al.</u>, Minnehaha County, South Dakota Circuit Court, Second Judicial Circuit; <u>Cedar Around Him et al. v. Prairie Auto Group et al.</u>, Rosebud Sioux Tribal Court; and <u>Archuelleta et al. v. Prairie Auto Group et al.</u>, Oglala Sioux Tribal Court. Defendants tendered these lawsuits to Auto-Owners, seeking defense and indemnity against the claims being asserted in the lawsuits pursuant to the terms of the insurance policy.

Auto-Owners initially filed this lawsuit and requested a declaratory judgment that it had no duty to defend or indemnify defendants in the above mentioned lawsuits under the issued insurance policies. On August 7, 2007, Auto-Owners moved for summary judgment, arguing that the claims brought in the five separate lawsuits against defendants were not covered by any of the issued policies and, therefore, it had no duty to defend or indemnify defendants in those lawsuits. Docket 28. The court partially

granted Auto-Owners's motion for summary judgment, finding that none of the claims asserted in the <u>Tree Top</u> complaint fell within the CGL policy coverage and, thus, Auto-Owners had no duty to defend defendants in the <u>Tree Top</u> litigation under the CGL policy.  The court instructed defendants to notify it if they believed that Auto-Owners had a duty to defend them in the <u>Tree Top</u> litigation or any other litigation based upon the GL policy or the CU policy.  The court also instructed the parties to notify it in relation to whether issues remained pending from the four other underlying lawsuits. Docket 39.

On March 20, 2008, Auto-Owners filed a supplemental memorandum in support of its motion for summary judgment, asserting that defendants were not entitled to defense or indemnity from it under any of the issued policies in any of the five separate lawsuits.  Docket 40.  On March 21, 2008, defendants notified the court that they were not making any additional claims of coverage or alleging that Auto-Owners had a duty to defend under the CU policy or the GL policy.  Docket 41.

**DISCUSSION**

**I.     Insurance Policies**

Auto-Owners argues that the court's analysis regarding the CGL policy, which is set forth in its order partially granting summary judgment (Docket 39), also applies to coverage under the GL policy and the CU policy.

3

As such, Auto-Owners argues that it has no duty to defend or indemnify defendants under the CGL policy, the GL policy, or the CU policy.

### A. All Counts Except the Negligent Hiring, Training, and Supervision Count

Like the CGL policy, the CU policy provides coverage for property damage caused by an accident.[1] In its previous order (Docket 39), the court determined that the conduct involved in all of the counts alleged in the Tree Top complaint, except the negligent hiring, training, and supervision count, was not accidental and, therefore, was not covered under the CGL policy. Because the conduct underlying those counts in the Tree Top complaint was not accidental, those counts are not covered under either the CGL policy or the CU policy.

In a similar vein, the GL policy only provides coverage for "property damage" that is "neither expected nor intended from the standpoint of the insured." Docket 31, Exhibit K. "Under South Dakota law, 'public policy prohibits extending insurance coverage to an individual who intentionally harms others.'" Pins v. State Farm Fire & Cas. Co., 476 F.3d 581, 583 (8th Cir. 2007) (citation omitted). As a consequence, "liability coverages do not extend to injuries that were the intended or expected consequences of the

---

[1] The CGL policy provides coverage for "property damage" arising out of an "occurrence," while the CU policy provides coverage for "property damage" arising out of an "incident." The CGL policy defines "occurrence" and the CU policy defines "incident" as an "accident" in relation to claims for property damage. See Docket 31, Exhibits J and M.

insured's intentional acts." Id.  As noted above, the conduct underlying all the counts in the Tree Top complaint, except the negligent hiring, training, and supervision count, was not accidental and, thus, defendants had to at least expect some type of damage would occur as a result of their actions. Therefore, those Tree Top counts are not covered under the GL policy.

### B.  Negligent Hiring, Training, and Supervision Count

Further, neither the CU policy nor the GL policy provides coverage for the negligent hiring, training, and supervision count.  The CU policy includes exclusion H., which applies to "property damage" to "your work arising out of it or any part of it and included in the products-completed operations hazard."  Docket 31, Exhibit M.  Exclusion H. and the definitions of the words used within Exclusion H. are identical to exclusion $l.$ and the definitions of the words used in exclusion $l.$, which is found in the CGL policy.  In its previous order (Docket 39), the court found that exclusion $l.$ applies because all the work performed on the Tree Top plaintiffs' cars qualified as "your work" and was completed at the time of the damage, as required by the "products-completed operations hazard."  Accordingly, like the CGL policy, the CU policy does not provide coverage for the negligent hiring, training, and supervision count in the Tree Top complaint.

The GL policy does not apply to "property damage" to "work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection

5

therewith." Docket 31, Exhibit K.  Like the CGL policy and the CU policy, the GL policy does not provide coverage for damages that arose from defendants' own work.  Thus, the court's reasoning in its prior order (Docket 39) applies here and the GL policy does not provide coverage for the negligent hiring, training, and supervision count in the Tree Top complaint.

In sum, Auto-Owners has no duty to defend or indemnify defendants under the CGL policy, the GL policy, or the CU policy for any of the counts in the Tree Top complaint.

## II.   Five Underlying Lawsuits

Auto-Owners argues that it does not have a duty to defend or indemnify defendants in any of the five underlying lawsuits.  Auto-Owners has discussed the status of each of these cases with defendants' counsel and represents that the Janis, Around Him, and Archuelleta cases, which were commenced in tribal court, were voluntarily dismissed by the plaintiffs after federal court litigation was commenced in an effort to have the claims removed from tribal court.  Auto-Owners emphasizes that the dismissals were without prejudice and included an agreement by defense counsel to allow the plaintiffs in the tribal court cases to join in one of the state court claims.  Auto-Owners also submits that all of its insureds have been voluntarily dismissed by the plaintiffs with prejudice in the Dengler litigation with the exception of Dan Nelson.  Auto-Owners further submits that with the exception of Al Nelson, Tim Nelson, and Jon Nelson, who have

6

been voluntarily dismissed with prejudice by the plaintiffs in the Tree Top litigation, all of its other insureds remain parties.

Auto-Owners argues that because the tribal court cases were dismissed without prejudice, the possibility exists that those claims could be reasserted and, therefore, it is proper for the court to address whether Auto-Owners has a duty to defend or indemnify defendants in those cases. Auto-Owners also argues that some of its insureds remain defendants in the state court cases and, thus, it is appropriate for the court to address whether it has a duty to defend or indemnify defendants in those cases. Further, Auto-Owners asserts that the issue of whether Auto-Owners ever had a duty to defend its insureds in the five underlying lawsuits remains relevant because its has claims against all its insured for reimbursement of attorney fees paid in defense of the claims.

An insurer can seek reimbursement from its insured for attorney's fees and costs in certain circumstances. For example, when an insurance company tenders defense on behalf of its insured, it can reserve a right to seek costs associated with the defense of the claims that were not covered by the issued policy. See Knapp v. Commonwealth Land Title Ins. Co., 932 F. Supp. 1169, 1171-72 (D. Minn. 1996); and Walbrook Ins. Co. Ltd. v. Goshgarian & Goshgarian, 726 F. Supp. 777, 784 (C.D. Cal. 1989). Several courts have determined that an insurer is required to specifically reserve the right to seek reimbursement from the insured and adequately notify the

insured of the possibility that it may seek reimbursement.  See United National Ins. Co. v. SST Fitness Corp., 309 F.3d 914, 921 (6th Cir. 2002) and Gotham Ins. Co. v. GLNX, Inc., 1993 WL 312243, at *4 (S.D.N.Y. 1993). Here, when Auto-Owners agreed to defend defendants, it also notified defendants that it maintained its right to seek reimbursement from them. Any claim for reimbursement made by Auto-Owners must be preceded by a determination of coverage.

     Given the factual circumstances of this case, the court finds that it is appropriate for it to decide whether Auto-Owners has a duty to defend or indemnify defendants in all five of the underlying lawsuits.  While the complaints in the five different lawsuits relate to different plaintiffs and the unique factual circumstances surrounding those plaintiffs, all of the complaints contain the same fourteen counts.  See Docket 31, Exhibits C, D, E, F, and G.[2]  Because the court has determined that the CGL, the CU, and the GL policies do not provide coverage for the Tree Top lawsuit, it necessarily follows that the CGL, the CU, and the GL policies do not provide coverage for the Dengler, Janis, Around Him, and Archuelleta lawsuits. Therefore, Auto-Owners has no duty to defend or indemnify defendants in any of the five underlying lawsuits under any of the issued policies.

     Based on the foregoing discussion, it is hereby

---

[2] The cases filed in tribal court also allege violations of tribal law.  See Docket 31, Exhibits D, F, and G.

ORDERED that plaintiff's motion for summary judgment (Docket 27) is granted in its entirety.

Dated June 10, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE